Lorene A. SAENZ, Appellant,

v.

The INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
Appellee.

No. 10–00–298–CV.

Court of Appeals of Texas,
Waco.

Dec. 12, 2001.

J. Damon Fehler, Ragland, Mangrum & Young, L.L.P., Waco, for appellant.

Timothy U. Stanford, A. Michelle May and John V. Fundis, Downs & Stanford, P.C., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

Lorene A. Saenz (Saenz) appeals a directed verdict in a worker's compensation benefits suit against The Insurance Company of the State of Pennsylvania. After Saenz presented her case-in-chief, the Company requested the trial court to instruct a verdict in its favor. The trial court granted the request and entered judgment for the Company. Saenz brought this appeal. Finding fact issues that should have been submitted to a jury, we will reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Saenz was employed as a seamstress by Walls Industries, a clothing manufacturer. She began working for Walls in 1995. Saenz was a "serger," which she described as a person that finishes off garments in the assembly line. In May 1997, Saenz began experiencing severe pain in her hands. She described the pain as though someone had pounded her hands with a hammer. Soon thereafter, Saenz requested wristbands for her hands from her supervisor and a payroll secretary. In both instances, Saenz told the employee that she needed the wristbands because her hands hurt.

Saenz asked the payroll secretary to arrange a doctor's appointment for her to have her hands examined. The payroll secretary said "we don't do that" for employees. Saenz then asked her plant manager about seeing a doctor, and the manager told her to "do whatever she had to do." Saenz went to Dr. William Coleman, her primary physician, concerning her hands in May 1997. He referred her to a specialist, who diagnosed her in either June or July 1997 as having carpal tunnel syndrome. The Company claims that Saenz notified her employer of her carpal tunnel diagnosis on July 18, 1997.

The specialist performed surgery on Saenz's hands to relieve the pain, and she was absent from work for seven months. Saenz pursued a benefits claim against her employer's workers' compensation insurer, the Insurance Company of the State of Pennsylvania ("Company"). Saenz exhausted her administrative remedies under the Workers' Compensation Act. TEX. LAB. CODE ANN. § 401.001 *et. seq.* (Vernon 1996). Saenz then brought suit in district court against the Company. *Id.* § 410.251.

At trial, Saenz presented her case-in-chief which consisted of her own testimony and that of her primary physician, Dr. Coleman. In a motion for a directed verdict, the Company argued that Saenz had not complied with section 409.001 of the Workers' Compensation Act, because she failed to notify her employer of her injury within 30 days of when she knew or should have known that her injury was work-related. *Id.* § 409.001. The trial court granted the directed verdict. Saenz brings this appeal contending that the trial court erred in directing a verdict when fact issues remained.

## STANDARD OF REVIEW

■ In reviewing the propriety of a directed verdict, we examine the record for any probative evidence which raises a fact issue on the question presented. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994); *State Farm Fire and Cas. Ins. v. Vandiver*, 970 S.W.2d 731, 735 (Tex. App.—Waco 1998, no pet.). We view the evidence in the light most favorable to the party against whom the court directed the verdict, disregarding any contrary evidence and inferences. *Id.* If the record contains any conflicting probative evidence on an issue, the issue should be submitted to the jury. *Id.*

■ We must affirm a directed verdict, however, if the record discloses a ground that establishes, as a matter of law, that the movant was entitled to judgment, even though the ground was not embodied in the motion for directed verdict. *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex.1977); *Villarreal v. Art Institute of Houston, Inc.*, 20 S.W.3d 792, 796 (Tex.App.—Corpus Christi 2000, no pet.).

## DISCUSSION

*Actual Knowledge of the Employer*

Section 409.001 of the Workers' Compensation Act ("WCA") requires an employee to notify the employer of an injury not later than the 30th day after the date on which (1) the injury occurs, or (2) if the injury is an occupational disease, the employee knew or should have known that the injury may be related to the employment. Tex. Lab.Code Ann. § 409.001 (Vernon 1996). Saenz claims that because of her work as a seamstress at Walls, she suffers from carpal tunnel syndrome. Under the WCA, a repetitive trauma injury like carpal tunnel syndrome is an "occupational disease." *Id.* § 401.011(34) (Vernon Supp.2000). Therefore, Saenz was required to notify Walls of her injury to her hands not later than the 30th day after which she knew or should have known that the injury may be work-related.

In *DeAnda v. Home Ins. Co.*, the Supreme Court reviewed the purpose of the thirty-day notice requirement of an earlier version of the WCA. 618 S.W.2d 529 (Tex. 1980). The Court noted that the purpose of the notice requirement can be fulfilled without the need of any particular form or manner of notice. *Id.* at 532. Furthermore, the Court stated that the need for notice can be dispensed with when the employer has actual knowledge of the injury. *Id.* The Court held that for an employee to fulfill the notice requirement, the employer need only know the general nature of the injury and the fact that it is job related. *Id.* at 533.

■ In this appeal, we rely on *DeAnda* and a line of precedent holding that the thirty-day notice requirement is satisfied when an employer actually knows of an employee's job related injury within the thirty-day period. *E.g., U.S. Fire Ins. Co. v. Ramos*, 863 S.W.2d 534, 538 (Tex.App.—El Paso 1993, writ denied); *Belknap v. Texas Employers' Ins. Ass'n*, 556 S.W.2d 587, 588 (Tex.Civ.App.—Dallas 1977, no writ); *Twin City Fire Ins. Co. v. Gibson*, 488 S.W.2d 565, 573 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).[1] Thus, the issue is whether there is any probative evi-

---

1. Furthermore, section 409.002(1) of the Labor Code provides:

    Failure to notify an employer as required by Section 409.001(a) relieves the employer and the employer's insurance carrier of liability under this subtitle unless:

    (1) the employer, a person eligible to receive notice under Section 409.001(b), or the employer's insurance carrier has actual knowledge of the employee's injury;
    .... Tex. Lab.Code Ann. § 409.002(1) (Vernon 1996.)

dence in support of Saenz's contention that her employer had actual knowledge of her injury which would dispense with her duty to comply with the thirty-day notice requirement. If such evidence exists, then there was a fact issue for the jury to decide and a directed verdict was improper.

Saenz testified that she started feeling severe pain in her hands in May 1997. Although she cannot remember the exact dates of her conversations with her supervisor and the other employees, a jury could infer that those conversations occurred around the same time she began to feel the pain in her hands. Saenz said that she asked the payroll secretary for wristbands to provide support for her ailing hands. She also requested wristbands from her supervisor for the same reason—her hands hurt. Saenz then asked the payroll secretary and the plant manager if they could arrange a doctor's appointment for her to have her hands examined. The payroll secretary said "we don't do that" for employees. The plant manager told Saenz to "do whatever she had to do."

The Supreme Court in *DeAnda* approved a line of cases which held that actual knowledge acquired by a foreman, or other supervisory personnel, or agent designated by the employer to receive such information, will suffice as actual knowledge by the employer. *DeAnda*, 618 S.W.2d at 533; Tex. Lab.Code Ann. § 409.001(b). Therefore, through Saenz's conversations with supervisory personnel, *i.e.*, her direct supervisor and the plant manager, about her injury, a jury might conclude that her employer had acquired knowledge of her injury and that it was job-related.

We must view this evidence in the light most favorable to Saenz, the party against whom the court directed the verdict. Saenz's testimony of her conversations with her supervisor, the payroll secretary, and the plant manager provide the inferences upon which a jury might conclude that her employer had actual notice of the injury to her hands. There is an inference that her supervisor understood that the injury to Saenz's hands was work-related. This inference of notice to her employer is stronger considering Saenz also told the plant manager that she needed to see a doctor about her hands. We conclude there is a fact issue about whether Saenz's employer had actual knowledge of her injury within the required notice period, and it should be submitted to a jury.

Our analysis is not complete despite finding at least one fact issue. Before we can dispose of this appeal we must address the Company's assertion that the issue of "causation" is a different ground that establishes, as a matter of law, that the Company was entitled to a directed verdict, even though the ground was not embodied in its motion for directed verdict. *Page*, 553 S.W.2d at 102; *Villarreal*, 20 S.W.3d at 796.

*Causation*

The Company argues that Saenz provided no evidence in her case-in-chief to link her hand injuries to her work as a seamstress for Walls Industries. Saenz did not provide any expert testimony on causation.[2] The only evidence on causation is from Saenz's testimony. We provide a summary of her testimony below.

Saenz testified that she began working for Walls in 1995. She said her wrists did

---

**2.** Saenz was unable to provide expert testimony in her case-in-chief because the trial court levied a discovery sanction against her and precluded her expert witness from testifying at trial. Saenz does not complain on appeal of the trial court's decision to levy the sanction.

not become sore from work until 1997 when she began sewing elastic bands into "rain pants." She said that the pain in her wrists progressively worsened, and in hopes of relieving the pain she asked the payroll secretary and her supervisor for wristbands. Her request was ignored, and a co-worker made a pair of wristbands for Saenz. According to Saenz, the make-shift wristbands did not alleviate the pain. Saenz went to her doctor to have her hands examined and told him that her hands were "hurting real bad from my work, from pulling elastics...." Saenz also testified that she had suffered from carpal tunnel syndrome in 1994. But she said the pain in her hands then was not as severe as the pain she felt in 1997.

■■■■ Under the Workers' Compensation Act, a claimant is required to prove that the injury for which she seeks compensation arose out of her employment. *Parker v. Employers Mutual Liability Ins. Co. of Wisconsin,* 440 S.W.2d 43, 45 (Tex.1969); *INA of Texas v. Adams,* 793 S.W.2d 265, 267 (Tex.App.—Beaumont 1990, no pet.); *Hernandez v. Texas Employers Ins. Ass'n.,* 783 S.W.2d 250, 253 (Tex.App.—Corpus Christi 1989, no pet.). Lay testimony is one method by which the producing cause element is proven. However, the adequacy of lay testimony to prove causation has been limited to those cases where the general experience of, or common sense of, jurors is such that they can anticipate one event will follow another. *Parker,* 440 S.W.2d at 46. For lay testimony to be sufficient to prove causation, the testimony must prove at least that the injury in "reasonable probability" caused the claimed result. *Id.*

■■■■ In the instant case, the evidence shows that Saenz experienced no pain in her hands during the first two years of her employment at Walls. However, when she began sewing elastic bands into "rain pants" in the spring of 1997, she began experiencing soreness in her wrists. Soon after noticing the pain, Saenz asked both the payroll secretary and her supervisor for wristbands to support her hands. Despite Saenz's use of make-shift wristbands, the pain in her hands worsened. Saenz then asked the payroll secretary and the plant manager about seeing a doctor to have her hands examined. After they refused, she saw her own doctor, telling him that her hands "were hurting real bad from my work, from pulling elastics...." Ultimately, Saenz had surgery on her hands to relieve the severe pain. We note that an injury arises out of employment if the employment is *a* producing cause—which means even if there are other causes for the injury, the employment need only be "a" cause. *Texas Workers' Compensation Ins. Fund v. Simon,* 980 S.W.2d 730, 736 (Tex.App.—San Antonio 1998, no pet.).

We believe this evidence establishes a sequence of events, from which the jury might have inferred, without the aid of expert medical testimony, that Saenz's work as a seamstress was "a" cause of her carpal tunnel syndrome. We find that some evidence was admitted in Saenz's case-in-chief to raise a fact issue on causation to be submitted to the jury.

## CONCLUSION

The trial court improperly granted the Company's motion for a directed verdict. The judgment of the trial court is reversed, and the cause is remanded for a new trial.