**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PETER N. GEORGACARAKOS,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 04-1363

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 03-D-1246 (OES))**

---

Submitted on the Brief: [*]

Peter N. Georgacarakos, *pro se.*

John W. Suthers, United States Attorney, Jerry N. Jones, Assistant United States Attorney and Elizabeth A. Weishaupl, Assistant United States Attorney, Denver, Colorado, for Defendant-Appellee.

---

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Peter N. Georgacarakos, a federal prisoner, sued the United States for the loss of 23 books and a manuscript allegedly caused by the Bureau of Prisons and the United States Post Office. In May 2002 personnel at the Bureau's facility in Florence, Colorado, removed a box containing the books and manuscript from storage and mailed it to Plaintiff's family, apparently believing that they were acting at Plaintiff's request. The box came apart at the Florence Post Office, and all but seven of the books were lost.

Plaintiff claims that the Bureau caused his loss by mailing his box without authorization, failing to secure it properly, and failing to use certified mail so that it could be tracked, and that the Bureau compounded its errors by refusing to investigate the loss after it had occurred. He claims that the Post Office caused his loss by failing to secure his books and the manuscript after the box came apart, and compounded its error by failing to document the lost items properly or investigate the loss. He seeks damages.

The United States claims sovereign immunity. The district court dismissed for want of subject-matter jurisdiction on that ground. We review the district court's grant of a motion to dismiss de novo, assuming the truth of all facts that Plaintiff alleges. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d

1213, 1216 (10th Cir. 2003); *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), generally waives the United States' sovereign immunity with respect to claims for money damages arising out of loss of property resulting from federal employee misconduct.[**]  But the Bureau and Post Office rely on two exceptions to the Act, 28 U.S.C. § 2680(b), (c), which state:

> The provisions of this chapter and section 1346(b) of this title [waiving sovereign immunity] shall not apply to—
>   . . .
>     (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.
>
>     (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . .

Subsection (b) is sufficient to protect the United States, so we need not consider subsection (c).

---

[**]Section 1346(b) states in pertinent part:

[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Plaintiff's claims arise out of the loss of the books and manuscript that the Bureau mailed. Once mailed, the books and manuscript became "postal matter" within the meaning of § 2680(b). *See Marine Ins. Co. v. United States*, 378 F.2d 812 (2d Cir. 1967) (package of emeralds temporarily diverted from postal delivery by Bureau of Customs was "postal matter"). And had these items not been lost, Plaintiff would have suffered no loss and would have had no claim. Thus, Plaintiff's claims arise out of the loss of postal matter and are consequently within the § 2680(b) exception.

It is irrelevant that the loss may also arise out of conduct for which there would otherwise be liability under the FTCA. For example, Plaintiff contends that the prison mailed his books without authorization. We can assume that he would have had a valid claim for expenses incurred in recovering books mailed to an unauthorized address. Moreover, we may assume that without the unauthorized mailing this claim would not exist. It is also true, however, that the claim that Plaintiff actually brought would not exist had the books not been lost in transmission. We note that the only damages he claims spring from the eventual loss of the books. Thus, Plaintiff's claim is one that was generated in part by an event covered by the exemption from liability provided by § 2680(b)—the loss of postal matter—and in part by an event not covered—unauthorized mailing. If § 2680(b) exempted liability only for a "claim arising *solely* out of the loss of

-4-

postal matter," Plaintiff's claim would survive. But the statutory provision is not limited by the word *solely* or the like.

In insurance cases an analogous question arises when a policy excludes losses "arising out of" some event and it must be decided whether the policy covers a loss caused in part by that event and in part by others. In that context the majority rule is that policy language excluding losses arising out of some event excludes losses caused by that event even when they are also caused by other events. In *All American Insurance Co. v. Burns*, 971 F.2d 438, 440 (10th Cir. 1992), for example, a church bus driver molested two of his minor passengers. They and their fathers sued the church, charging it with negligently hiring and failing to discharge the driver. *Id.* The insurance policy at issue contained an exclusion for "personal injury arising out of the willful violation of a penal statute." *Id.* at 440 (internal quotation marks and emphasis omitted). We observed that the plaintiffs' loss was caused by the church's negligence, but was also caused by the molestation: without it they would have had no claim. *Id.* at 442–43. Accordingly, the policy exclusion applied:

> We cannot agree with the [plaintiffs'] argument that the cases can be viewed as involving only the negligence allegations and the negligent entrustment theory. It is, instead, an essential element of the state court causes of action that [the driver] molested the girls and caused them injuries of mind and body. . . . The petitions here would not have stated the complete causes of action without alleging the molestation and resulting injuries. . . .

Thus the penal violation exclusion logically and necessarily applies.

*Id.* Similarly, in *American Commerce Insurance Co. v. Porto*, 811 A.2d 1185 (R.I. 2002), the court ruled that there was no coverage with respect to a negligent-supervision claim brought when a boy scout was sexually molested by a troop leader. The insurer prevailed because of a policy exclusion for a claim that "arises out of . . . the actual, alleged or threatened sexual molestation of a person." *Id.* at 1189 (internal quotation marks omitted). *See also Stouffer & Knight v. Cont'l Cas. Co.*, 982 P.2d 105, 108 (Wash. App. 1999) (exclusion for claims arising out of dishonest acts protected insurer against covering claim for negligent supervision brought by law-firm client whose funds were embezzled by secretary); Lee R. Russ & Thomas F. Segalla, 7 Couch on Insurance § 101:54 (3d ed. 1997) ("The phrase 'arising out of' is frequently given a broader meaning than proximate cause. The phrase is considered to mean 'flowing from' or 'having its origin in," indicating that there only need be 'a' causal connection, rather than a proximate causal connection."). *Cf. Saenz v. Ins. Co. of Pa.*, 66 S.W.3d 444, 448 (Tex. App. 2001) ("Under the Workers' Compensation Act, a claimant is required to prove that the injury for which she seeks compensation arose out of her employment. . . . [A]n injury arises out of employment if the employment is *a* producing cause—which means even if there are other causes for the injury, the employment need only be 'a' cause."); *Daniello v. Machise Express Co.*, 289 A.2d

558, 560 (N.J. County Ct. 1972) ("An accident 'arises out of employment' when in some manner it is due to the risk reasonably incidental to the employment, if the employment is a contributing cause of the accident resulting in the injury, and if the employment is a necessary factor leading to the accident, even though the employment is not the sole or proximate cause of the injury."). We see no reason why *arising out of* should have a different meaning in the FTCA.

Likewise, we are not persuaded by Plaintiff's contention that his claim falls outside the statutory exception because the Post Office's errors took place after transmission had ceased. The postal-matter exception is not limited to claims based on negligent transmission. It covers "[a]ny claim arising out of the loss, miscarriage, *or* negligent transmission of . . . postal matter." § 2680(b) (emphasis added). The exception applies here because the heart of Plaintiff's claim is still the damage caused by *loss* of the postal matter.

Cases in which appellate courts have held § 2680(b) inapplicable are quite different from the one before us. In *Birnbaum v. United States*, 588 F.2d 319, 321 (2d Cir. 1978), the issue was whether § 2680(b) protected the United States from invasion-of-privacy suits based on its opening letters on their way to the Soviet Union. The Second Circuit held § 2680(b) inapplicable because *negligent transmission* did not encompass intentional opening of the letters, "[n]or were the letters lost or miscarried." *Id.* at 328; *see Cruikshank v. United States*,

431 F.Supp. 1355, 1359–60 (D. Haw. 1977) (same); *Avery v. United States*, 434 F.Supp. 937, 944–45 (D. Conn. 1977) (same).

In *Raila v. United States*, 355 F.3d 118 (2d Cir. 2004), the Second Circuit again held § 2680(b) inapplicable, this time to the Post Office's negligently placing a package just underneath the plaintiff's front step, causing her to slip and fall. Whether the claim arose from the loss of postal matter was not at issue; the only question was whether it arose from negligent transmission. Analogizing to a claim arising from a Post Office employee's negligently driving a delivery truck, which is not barred by § 2680(b), *see Kosak v. United States*, 465 U.S. 848, 855 (1984), the Second Circuit held that negligent placement of postal matter at the end of its journey is not negligent transmission. *Contra Dolan v. United States*, 377 F.3d 285, 287–88 (3d Cir. 2004).

Other cases are even farther afield. *See United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 778 (N.D. Tex. 2002) (negligence in giving postage refund checks to manager who converted them to his own use); *Barbieri v. Hartsdale Post Office*, 856 F.Supp. 817, 818 (S.D.N.Y. 1994) (incorrect postmark resulting in tax penalty).

Finally, we reject the contention that the postal-matter exception of § 2680(b) applies to the Post Office only. Section 2680's language does not suggest any such limitation. By its terms it applies to any claim arising out of the

loss of postal matter. The Fifth Circuit has held that the exception extends to an FTCA claim based on federal prison officials' failure to deliver a prisoner's litigation-related mail. *See Ruiz v. United States*, 160 F.3d 273 (5th Cir. 1998). We note that Plaintiff is not advancing a civil-rights claim against state officials under 42 U.S.C. § 1983, which, of course, is not governed by the Federal Tort Claims Act. *Cf. Simkins v. Bruce*, 406 F.3d 1239 (10th Cir. 2005) (permitting § 1983 claim for failure to deliver litigation-related mail amounting to denial of constitutional right of access to the courts).

We hold that each of Plaintiff's claims is within the postal-matter exception to the Federal Tort Claims Act. Each claim is thus barred by the United States' sovereign immunity.

We AFFIRM the district court's dismissal for lack of subject-matter jurisdiction.