**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES CHURCH MCKAY; RAC
DEVELOPMENT CORPORATION, a
Colorado Corporation,

      Plaintiffs-Appellants,

 v.

UNITED STATES OF AMERICA;
ROCKWELL INTERNATIONAL, a
Nevada Corporation; KAISER-HILL
COMPANY, a Colorado Limited
Liability Company,

      Defendants-Appellees.

No. 06-1194
(D.C. No. 05-CV-02502-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BROWN**,[**] District Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

Plaintiffs Charles Church McKay and RAC Development Corporation are owners of land adjacent to the former Rocky Flats Nuclear Plant, located near Denver, Colorado. The district court dismissed their lawsuit seeking to enforce a settlement agreement executed in 1984 to resolve an earlier case against the United States Department of Energy, Rocky Flats contractors, and others. We exercise jurisdiction over plaintiffs' appeal pursuant to 28 U.S.C. § 1291 and affirm.

I.

In 1980, plaintiffs brought a federal action alleging that the United States Department of Energy, Rockwell International, another contractor, and state and local governments were liable for the contamination of their property with radioactive material from the nuclear plant. On December 17, 1984, the parties "reached an agreement to settle their disputes and to terminate [the] litigation." Aplt. App. at 19. The agreement, which was contingent upon the approval of the court, described the settlement defendants' commitments to both short-term and ongoing obligations. *Id.* at 24-27. It contemplated enforcement by specific performance and the district court's retaining jurisdiction for a period of one year. *Id.* at 39.

In July 1985, the district court entered an order making findings of fact and discussing certain terms of the settlement agreement. *McKay v. United States*, No. 75-M-1162, 1985 U.S. Dist. LEXIS 18202 (D. Colo. July 3, 1985). In a separate order, dated July 9, 1985, the court stated that it "has been informed that the terms and conditions of the Settlement Agreements . . . and approved by this Court have been fully

performed and that dismissal [with prejudice] of these actions is therefore appropriate pursuant to the terms of the Settlement Agreements." Aplt. App. at 63. Neither order specifically incorporated the terms of the settlement agreement.

Almost two decades later, plaintiffs filed this lawsuit seeking to enforce the terms of the settlement agreement. Specifically, they alleged that the United States, Rockwell, and its successor Kaiser-Hill Company, breached the agreement with regard to ongoing commitments concerning plaintiffs' water, mineral, and land-use rights. The district court granted defendants' dismissal motions, first dismissing the claims against Kaiser-Hill and Rockwell for lack of subject-matter jurisdiction, *id.* at 97-99, and then similarly dismissing the claims against the United States based on the doctrine of sovereign immunity, *id.* at 152-55.

Plaintiffs filed this appeal to challenge the dismissal. "We review the district court's grant of a motion to dismiss de novo, assuming the truth of all facts that Plaintiff[s] allege." *Georgacarakos v. United States,* 420 F.3d 1185, 1186 (10th Cir. 2005).

II.

The framework for a jurisdictional analysis of plaintiffs' claims against the contractor defendants is well established. Once a lawsuit is settled and dismissed, the district court does not generally have "ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the

settlement agreement." *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir. 1994)

(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994). However,

"[t]he judge's mere awareness and approval of the terms of the settlement agreement do not

suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381. "Without reservation

by the court, . . . there must be an independent basis for federal jurisdiction." *Morris*, 39

F.3d at 1110-11 (citing *Kokkonen,* 511 U.S. at 382).

Plaintiffs argue that the district court retained ancillary jurisdiction over their claims

against the contractor defendants. This theory finds no support in the settlement agreement;

the district court's factual findings set forth in *McKay,* 1985 U.S. Dist. LEXIS 18202; or the

district court's 1985 order of dismissal. First, the settlement agreement itself did not

provide for the court's retention of jurisdiction beyond a one-year period after closing.

Second, the district court's factual findings add nothing to the jurisdictional analysis. Third,

the dismissal order did not incorporate the terms of the settlement agreement or mention a

reservation of jurisdiction.

The order did refer to the settlement agreement and did state that dismissal was

appropriate because the terms and conditions of the agreement had been fully performed.

But it did not order the parties to comply with the terms of the agreement and it did not

condition dismissal upon future compliance. A court always retains jurisdiction to vindicate

its orders, but here the "the only order . . . was that the suit be dismissed, a disposition that is

in no way flouted or imperiled by the alleged breach of the settlement agreement."

*Kokkonen*, 511 U.S. at 380-81.

-4-

Thus, the settlement agreement does not provide a basis for federal jurisdiction over plaintiffs' claims against defendants Kaiser-Hill and Rockwell.  And because plaintiffs have not suggested any other source of jurisdiction for these claims, the district court correctly dismissed the claims for lack of subject-matter jurisdiction.

III.

With regard to defendant United States, plaintiffs' complaint sought specific performance of the settlement agreement.  "It long has been established . . . that the United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Testan*, 424 U.S. 392, 399 (1976).  "The government consents to be sued only when Congress 'unequivocally expresse[s]' its intention to waive the government's sovereign immunity in the statutory text. *United States v. Murdock Mach. & Eng'g Co.*, 81 F.3d 922, 930 (10th Cir. 1996) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (further quotation omitted)).

> Sovereign "immunity extends to injunctive relief" because,
>
> [a]s the Supreme Court explained . . . "[i]t is one thing to provide a method by which a citizen may be compensated for a wrong done [to] him by the Government.  It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act.  There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign."

*Id.* at 929-30 (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704 (1949) (superseded in part by 5 U.S.C. § 702)).

Plaintiffs argue that "[l]ogic, justice, and the apparent intent of Congress in passing the Federal Tort Claims Act," 28 U.S.C. §§ 1346(b), 2671-2680, preclude the government from entering into the settlement agreement and then claiming immunity from equitable relief for violation of the agreement. Aplt. Br. at 16. For this proposition, they rely on the case of *Kimberly Associates v. United States*, 261 F.3d 864, 870 (9th Cir. 2001), which is inapposite to plaintiffs' situation. *Kimberly Associates* involved an action to quiet title, and Congress specifically provided a waiver of immunity for quiet title actions in 28 U.S.C. § 2410. *Id.* at 868.

Plaintiffs have failed to show any comparable waiver allowing an award of injunctive or other equitable relief against the government. Plaintiffs's claim against the government for enforcement of the settlement is a contract action. *See Kokkonen*, 511 U.S. at 381-82. The Tucker Act, 28 U.S.C. § 1491, and Little Tucker Act, 28 U.S.C. § 1346(a)(2) waive sovereign immunity as to contract claims and authorize relief in the form of money damages. *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080-81 (10th Cir. 2006). These acts, however, "impliedly forbid federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government." *Id.* at 1082 (internal quotation marks and footnote omitted). The district court was correct in determining that plaintiffs failed to show a waiver of sovereign immunity in connection with their contract claims against the government.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wesley E. Brown
District Judge