NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0596n.06

No. 12-2056

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 24, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANTHONY JOHNSON, | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant - Appellee. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

ADAMS, J. Anthony Johnson appeals the district court's grant of the government's motion to dismiss for lack of subject-matter jurisdiction based on 28 U.S.C.  § 2680(b).  In his appeal, Johnson asserts that the district court erred when it determined that the government has sovereign immunity for his claim involving items allegedly within a package that were lost while in possession of the United States Postal Service ("USPS").  For the reasons set forth below, we AFFIRM the judgment of the district court.

**I.  Standard of Review**

A district court's decision to dismiss for lack of subject matter jurisdiction is subject to a de novo standard of review.  *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). For the purpose of detemining whether the district court has subject matter jurisdiction over Johnson's claim, this

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Court takes the material allegations in the complaint as true and construes them in a light most favorable to the non-moving party, Johnson. *Ludwig v. Board of Trustees of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997).

## II. Background

For the purpose of this appeal, the Court accepts the following facts as true. In July, 2009, Johnson had a guest staying at his home in Detroit, Michigan. While there and without Johnson's consent, the guest took items from Johnson's home, placed the items in two boxes, and mailed the packages to her home in California. Upon learning of the theft, Johnson notified the USPS, which then intercepted the packages before they were delivered. After being intercepted, one of the packages alerted a drug-sniffing dog. The contents of that package were forfeited to the government and were the subject of a separate case. The second intercepted package was also searched and held by the USPS. Johnson has requested that the USPS return to him the items contained in that package. Johnson states that the package contained the following personal property, excluding cash:

- (1) Rolex watch with diamonds (approx. $29,000.00)

- (1) White gold ring (approx. $10,000.00)

- (1) 10 karat gold chain with diamond cross (app. $25,000.00)

- (1) 14 karat gold chain with diamond cross (app. $18,000.00)

- (1) Men's 18 karat oyster professional date and time Rolex watch ($29,000.00)

- (1) Men's diamond and white gold ring ($10,000.00)

- (1) Men's 10 karat fancy link chain [with] gold and diamond cross ($25,000.00)

- (1) Men's 14 karat fancy link chain [with] gold and diamond cross ($18,000.00)

- (1) 1938 Joe DiMaggio card in mint condition (+$25,000.00)

2

- (1) 1951 Mickey Mantle card ($25,000.00)

- (1) 1952 Mickey Mantle card, signed and in mint condition ($50,000.00)

- (1) 1967 Hank Aaron card, signed and in mint condition ($15,000.00)

- (1) 1952 Cookie Lavagetto card ($50,000.00)

The USPS states that although it intercepted a package, the above listed items were not in the package. Johnson seeks damages in the amount of $329,000 together with interest, costs and attorney fees.

### III. Law and Analysis

"Under well-established and familiar principles of sovereign immunity, the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government." *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). As an independent establishment of the executive branch, the USPS enjoys federal sovereign immunity absent a waiver. *Dolan v. United States Postal Service*, 546 U.S. 481, 483-484 (2006). There is no dispute that the Federal Tort Claims Act ("FTCA") provides the USPS a limited waiver of sovereign immunity in tort. The question, therefore, is whether 28 U.S.C. § 2680, which sets forth exceptions to the FTCA's waiver, applies to Johnson's claim.

Section 2680, in pertinent part, states that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Johnson argues that § 2680 does not apply for several reasons: 1) the government admits that it is in the possession of the package that Johnson claims contained the missing items, and therefore it is not lost; 2) the items were lost after the USPS intercepted them, not during the

3

transmission of the package; 3) the package is not "letters or postal matter" since the items shipped were stolen and placed in the mail without Johnson's consent; and 4) *Dolan* limits the exception to claims for which insurance is available and Johnson could not have insured against the alleged loss of his property.

Here, Johnson claims that the government has possession of the mailed packages and that certain contents of the packages are no longer present. Assuming that the items were, in fact, in the package when mailed, the particular items went missing while the package was in the possession of the USPS. Although the USPS is in possession of the *package*, it is not in possession of certain items that had allegedly been *inside* the package. Johnson claims that these items were lost "due to the negligent acts or omissions of USPS employees while acting in the scope of their employment." R-1, ¶ 13. Johnson claims that items were given to the USPS for delivery and that at some point those items went missing. If the items were found in the package, they would not be lost, and Johnson would have no claim. Accordingly, the Court finds that the § 2680(b) exception applies when contents of a package are lost, but the entire package itself is not.

Johnson argues that because the items were lost after the package was intercepted, it was no longer in the possession of the USPS for "delivery,"and, therefore, § 2680(b) does not apply. We disagree. Even accepting as true Johnson's allegation that the items were lost after the package had been intercepted by the USPS, there is no language in § 2680(b) that suggests it applies only when items are lost during the transmission, or delivery, of the mail. In fact, the text of § 2680(b) creates an exception for claims arising out of any "loss...of letters or postal matter[.]" The fact is that the items were allegedly placed in the possession of the USPS and lost during the performance of its governmental duties. We see no reason to arbitrarily limit § 2680(b) to letters or postal matter lost

4

during its straight-line delivery from point A to point B. Moreover, from the Court's perspective, the immunity is intended to apply to all functions associated with delivery of the mail. As *Dolan* explained, delivery of the mail includes an array of governmental powers such as "the power of eminent domain, the authority to make searches and seizures in the enforcement of laws protecting the mails, the authority to promulgate postal regulations, and, subject to the Secretary of State's supervision, the power to enter international postal agreements." 546 U.S. at 484. Accordingly, the fact that Johnson's alleged claim arises out of the performance of the USPS's authority to perform a search and seizure of the mail falls squarely within the exception of § 2680(b).

Johnson further argues that the exception does not apply because the items were mailed without his permission. The Court finds that an item given to the USPS to be mailed is a "letter or postal matter" for the purpose of § 2680, regardless of whether the person mailing the item did so without the authority of the item's owner. See *Georgacarakos v. United States*, 420 F.3d 1185 (10th Cir. 2005) ("Once mailed, the books and manuscript became 'postal matter' within the meaning of § 2680(b)" despite the books and manuscript being mailed without permission from the owner.). Section 2680(b) does not distinguish between a "customer" and a "non-customer." The focus is on the item being shipped, not the person shipping it. Thus, Johnson's claim arises out of the loss of postal matter, and the § 2680(b) exception applies.

The Court also rejects Johnson's argument that *Dolan* limits the § 2680(b) exception to claims for which insurance is available. Johnson alleges that the missing items were stolen from him and shipped by the thief without his permission. Because he did not consent to the items being placed in the mail, or mail the items himself, Johnson did not have an opportunity to insure the items against loss or damage. Johnson argues that because he did not have the opportunity to insure the

5

items against loss, § 2860(b) does not bar his claim. Nothing in *Dolan* hints that the inability to gain insurance impacts the scope of immunity. In fact *Dolan* recognizes that the losses are only "to some degree avoidable[.]" 546 U.S. at 482. Moreover, as explained above, the identity of the person who mailed the package does not control whether § 2680(b) applies. As such, the Court declines to limit the exception by arbitrarily imposing an insurability analysis.

## IV. Conclusion

For the reasons stated above, the judgment of the district court is AFFIRMED.