**ALD-023** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1986
_____

JOHN W. PEROTTI; PATRICK J. ROSELLI

v.

UNITED STATES OF AMERICA; DAVID J. EBBERT;
DR. WALTER DOBUSHEK; MS. PEG TRENTLY

John W. Perotti,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-01860)
District Judge: Honorable Richard P. Conaboy

_____

Submitted on Appellant's Motion to Reopen and
for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Present: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2012, John W. Perotti and Patrick Roselli, who were previously confined together in federal prison, filed a complaint in the United States District Court for the Middle District of Pennsylvania, which they later amended, raising claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). The defendants filed motions to dismiss or in the alternative for summary judgment. Ultimately, the District Court granted the defendants' motions for summary judgment.[1]  Perotti and Roselli appealed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence

---

[1] The District Court also transferred claims against out-of-district defendants to the United States District Courts for the District of Colorado and for the Southern District of Indiana.

[2] On May 17, 2016, the Clerk dismissed the appeal because the appellants failed to pay the filing fee or seek leave to proceed in forma pauperis (IFP). Perotti filed a motion to reopen and a motion to proceed IFP on appeal. Those motions are granted. Perotti is required to pay the full $505.00 fee in installments regardless of the outcome of the appeal. The Court hereby directs the warden or his or her designee to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Middle District of Pennsylvania. In each succeeding month when the amount in the prisoner's account exceeds $10.00, the warden, or his or her designee, shall forward payments to the United States District Court for Middle District of Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid. Each payment shall reference the appellate docket number for this appeal. The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

Perotti's FTCA claims pertained to alleged interference with his mail, loss of his personal property, and negligent medical care following surgery for a broken wrist.  As the District Court explained, prior to filing his complaint, Perotti did not submit an administrative tort claim involving post-surgical care for his wrist.  Thus, Perotti failed to exhaust administrative remedies as required by the FTCA, and the District Court did not have subject matter jurisdiction over his medical care claim.  See 28 U.S.C. § 2675(a); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (providing that the FTCA bars claimants from bringing suit in federal court until they have first presented their claim to the appropriate federal agency and the claim has been denied).  In addition, Perotti's allegation of interference with his mail and loss of personal property are exempted from the FTCA's waiver of sovereign immunity under § 2680(c) (exempting claims arising with respect to "detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer") and § 2680(b) (exempting "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.").  See Georgacarakos v. United States, 420 F.3d 1185, 1188

(10th Cir. 2005) ("reject[ing] the contention that the postal-matter exception of § 2680(b) applies to the Post Office only.").

Perotti's Bivens claims also involved failure to deliver mail and improper medical care. To the extent that the claims were brought against the warden of USP-Canaan for his role in responding to Perotti's grievances, the District Court properly held that Perotti failed to demonstrate personal involvement. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (respondeat superior cannot form the basis of a Bivens claim). Perotti also asserted that prison officials on several occasions interfered with his correspondence with Roselli when they were incarcerated in separate prisons. According to the complaint, that correspondence pertained to "various litigations," and allegedly resulted in "loss of habeas corpus proceedings, administrative remed[ies,] and disciplinary appeals of both plaintiffs."[3] BOP policy provides that "[i]nmates who are in different institutions are prohibited from providing legal assistance to each other except to the extent that they may be allowed to correspond with each other about legal matters" after "receiv[ing] approval to exchange correspondence." Program Statement 1315.07. Here, the defendants explained that any interference was "limited to correspondence between the inmates or third-parties that had not yet been approved, did not pertain to their joint litigation, and/or violated the BOP regulations." See Turner v. Safley, 482 U.S. 78, 91

---

[3] Because we assume for purposes of this case only that the correspondence was constitutionally protected, see Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002), we need not decide whether "prisoners have *any* First Amendment rights when they send legal correspondence to one another." Shaw v. Murphy, 532 U.S. 223, 228 (2001)

(1987) (holding that inmate-to-inmate correspondence was "logically connected to . . . legitimate security concerns."). Perotti did not point to any specific evidence in the record to dispute these assertions. Finally, to the extent that Perotti alleged that the interference disrupted his access to the courts, he failed to identify an actual injury to his ability to litigate a claim. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

The Eighth Amendment claims center on prison officials' failure to treat Perotti with opioid pain medication and to promptly treat his broken arm. The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The District Court properly concluded that Perotti's complaint that he was provided with non-opioid medication constitutes a disagreement with the type of care he was provided, and does not rise to the level of an actionable constitutional violation. See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Further, he failed to allege any personal involvement of USP-Canaan officials or employees pertaining to an alleged delay in treatment. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Finally, as the District Court explained, the undisputed record indicates that the doctor at USP-Canaan promptly addressed Perotti's medical complaints.

For the foregoing reasons, we conclude that this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's orders.[4]

---

(emphasis in original).

[4] Perotti's motion for copies of the District Court record is denied. The IFP statute does

<u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.

---

not grant us authority to provide an indigent litigant with copies documents in the record. <u>See</u> <u>Douglas v. Green</u>, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) (statutory right to proceed in forma pauperis does not include right to obtain copies of court orders without payment therefor).