# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2023

Lyle W. Cayce
Clerk

No. 22-20426
Summary Calendar

---

Annice Hale,

*Plaintiff—Appellant*,

*versus*

The United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-983

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Annice Hale appeals the dismissal of her Federal Tort Claims Act (FTCA) suit against Defendant-Appellee the United States. Because we agree with the district court that Hale's suit is barred by sovereign immunity, we AFFIRM.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-20426

## I. BACKGROUND

In her complaint, Hale alleges that the United States Postal Service (USPS) was negligent for: (1) providing her notice of a temporary change of address to third-parties; (2) failing to deliver her certified mail to the Harris County District Court; (3) closing her post office box without notice and then refusing to provide further rental services; (4) returning medication mailed to Hale back to the sender; and (5) failing to obtain proper certified mail signatures and instead having mail carriers use "COVID-19" or "Comptroller" as signatures to indicate that they have identified the customer to whom the mail is being delivered. The Government moved to dismiss Hale's claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The district court granted the Government's motion, dismissing the action for lack of subject-matter jurisdiction on the grounds of sovereign immunity. Hale timely appealed.

## II. DISCUSSION

"We review a district court's grant of a motion to dismiss based on exceptions to the FTCA de novo."[1] The United States "is immune from suit save as it consents to be sued."[2] Similarly, because the Postal Service is "an independent establishment of the executive branch of the Government of the United States," it too "enjoys federal sovereign immunity absent waiver."[3]

---

[1] *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001) (citing *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999)).

[2] *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).

[3] *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (internal quotations and citations omitted).

No. 22-20426

The FTCA constitutes a limited waiver of sovereign immunity,[4] and generally waives the Postal Service's sovereign immunity for "tort claims arising out of activities of the Postal Service."[5]

However, the waiver provided by the FTCA is limited by several exceptions, two of which the Government asserts are applicable here. The first, known as the postal-matter exception, preserves the Government's immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."[6] The second, known as the discretionary-function exception, preserves the Government's immunity "when the plaintiff's claim is based on an act by a government employee that falls within the employee's discretionary authority."[7] Accordingly, we must evaluate whether the FTCA provides a waiver of sovereign immunity or whether Hale's claims are barred by one of the exceptions.[8]

Turning first to the postal-matter exception, we find that several of Hale's claims fall within this exception. The Supreme Court made clear that in creating this exception, it was "likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or

---

[4] *United States v. Orleans*, 425 U.S. 807, 813 (1976).

[5] 39 U.S.C. § 409(c).

[6] 28 U.S.C. § 2680(b).

[7] *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2680(a)).

[8] We note that Hale's argument that the United States waived sovereign immunity under Texas state statutes is without merit. The Texas statutes cited by Hale are inapplicable because a "plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity," and the FTCA, a federal statute, "provides the sole basis for recovery for tort claims against the United States." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."[9]

Here, Hale is seeking damages for injuries related to USPS's "numerous service process violations, service delay[] violations, [and] service non[]-delivery violations." Hale's claims that the USPS failed to deliver her certified mail to the Harris County District Court and returned her medication to the sender both arise from the alleged loss or miscarriage of a postal matter.[10] Similarly, Hale's claim that USPS closed her "Business Rental Box" therefore causing her to lose "many Certified Mail Legal Documents," also falls within the postal-matter exception.[11] Because the United States has not waived sovereign immunity for claims related to lost mail, the district court correctly held that it did not have subject-matter jurisdiction to hear Hale's claims that USPS negligently failed to deliver her certified mail, closed her post office box, and failed to deliver her medication.

Turning next to the discretionary-function exception, we find that Hale's claim that USPS improperly allowed for alternative signatures for certified mail during the Covid-19 pandemic falls within this exception. The Supreme Court has established a two-part test to determine whether the

---

[9] *Dolan*, 546 U.S. at 489.

[10] *Id.* at 487 (noting that mail is "lost" if "it is destroyed or misplaced" and that mail is "miscarried" if "it goes to the wrong address" and that "both those terms refer to failings in the postal obligation to deliver mail in a timely manner to the right address"); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam) (affirming the district court's dismissal of the plaintiff's claims that he failed to receive his mail as barred by 28 U.S.C. § 2680(b)).

[11] *See Georgacarakos v. United States*, 420 F.3d 1185, 1186-88 (10th Cir. 2005) (finding that the exception in § 2680(b) was applicable "because the heart of Plaintiff's claim is . . . the damage caused by *loss* of the postal matter").

No. 22-20426

discretionary-function exception is applicable to a particular claim.[12]  The first prong requires that the challenged governmental action is a "matter of choice" for the employee.[13]  The second prong requires that the judgment is "of the kind that the discretionary function exception was designed to shield."[14]

We find that the manner in which signatures are provided for certified mail meets both prongs of the discretionary-function test.  Under the first prong, Hale fails to meet her "burden of pointing to relevant authority to show the conduct was not a choice."[15]  Specifically, Hale points to no statute or regulation that requires a signature for certified mail.  Instead, as the Government asserts, Congress has given the Postal Service broad authority to prescribe the necessary rules and regulations to implement its mail delivery system.[16]

For purposes of the second prong of the discretionary-function exception analysis, when "established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are

---

[12] *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

[13] "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz*, 486 U.S. at 536).

[14] The second prong "protects only governmental actions and decisions based on considerations of public policy."  *Id.* at 323 (quoting *Berkovitz*, 486 U.S. at 537).

[15] *Nichols v. United States*, No. 21-50368, 2022 WL 989467, at *2 (5th Cir. Apr. 1, 2022) (per curiam) (unpublished) (citing *Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018).  Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority."  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[16] 39 U.S.C. § 401(1)-(2).

grounded in policy when exercising that discretion."[17]  We find that Hale has done nothing to rebut the presumption that USPS's exercise of discretion—altering its certified mail procedure—involved a policy judgment.  As the Government notes, the Postal Service's decision to allow for alternative signatures for certified mail in the wake of a global pandemic, was a policy choice made to "protect workers and the public from unnecessary contact and possible Covid exposure."  We thus conclude that the discretionary-function exception divests the federal courts of jurisdiction over Hale's claim regarding USPS's handling of certified mail signatures.

Finally, Hale argues that she filed a "temporary change of address" with USPS and that USPS violated its own policy by providing her new address to third-parties, including her bank, insurance company, and creditors.  The district court held that it lacked jurisdiction over this claim because it falls within the postal-matter exception.  Assuming arguendo that this claim does not fall within the postal-matter exception,[18] for a different reason, Hale has not shown that the Government has waived its immunity for this claim.

Subject to several exceptions noted above, the FTCA "waives the sovereign immunity of the United States, . . . for certain damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to

---

[17] *Gaubert*, 499 U.S. at 324.

[18] *See Dolan*, 546 U.S. at 489-90 (noting that because Congress preserved immunity under the postal-matter exception for "just three types of harm (loss, miscarriage, and negligent transmission)," it "expressed the intent to immunize only a subset of postal wrongdoing, not all torts committed in the course of mail delivery," and therefore the postal-matter exception "require[s] a narrow[] reading") (internal citation omitted).

No. 22-20426

the claimant in accordance with the law of the place where the act or omission occurred.'"[19]  Here, Hale has provided no reasoning or authority that USPS employees would have committed a tort under Texas law if they were private actors who behaved the same way.[20]

Accordingly, we find that Hale's claim that USPS negligently handled her notice of change of address fails to state a cause of action under the FTCA or any other statute that would provide a waiver of the Government's sovereign immunity.  Thus, we affirm the district court's holding that it lacked subject-matter jurisdiction over this claim.

Because the district court correctly dismissed Hale's complaint for lack of subject-matter jurisdiction, its judgment is AFFIRMED.

---

[19] *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (quoting 28 U.S.C. § 13466(b)).

[20] *Cf. Raz v. United States*, 132 F.3d 1454, 1454 (5th Cir. 1997) (per curiam) (unpublished) ("In sum, the facts pleaded by [plaintiff] would not be sufficient to give rise to the duty based on the Louisiana precedents upon which he relies, and consequently, as held by the district court, he has failed to state a claim under the FTCA."); *see also United States v. Smith*, 324 F.2d 622, 624-25 (5th Cir. 1963) (finding that the FTCA was inapplicable "where the claimed negligence arises out of the failure of the United States to carry out a statutory duty in the conduct of its own affairs . . . because it is impossible to equate the relationship of the parties in such a situation to any state law relationship where the person sought to be bound is a 'private person' who 'would be liable to the claimant in accordance with the law' of the state").